**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

LAWYERS TITLE INSURANCE CORPORATION,
a Nebraska Corporation,

        Plaintiff/Counterdefendant,

v.                                                                                                No. CIV 08-1215 BB/LFG

DRAGONFLY DEVELOPMENT, INC.,
a New Mexico Corporation,

        Defendant/Counterclaimant.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court on Defendant/Counterclaimant Dragonfly Development, Inc.'s ("Dragonfly") Motion to Compel Production of Documents and Compliance with Subpoena, filed November 30, 2009. [Doc. 63.] The motion is fully briefed. [Doc. Nos. 67, 69.] After careful consideration of the pleadings, attachments, and pertinent law, the Court denies Dragonfly's motion to compel as untimely.

**Background**

The original discovery deadline in this case was September 29, 2009, with a discovery motion deadline of October 19, 2009. [Doc. 23.] During a July 23, 2009 telephonic conference with the Court, counsel for Lawyers Title Insurance Corporation ("LTIC") stated she had encountered delays in serving discovery requests due to client communications and corporate changes. [Doc. 32.] The parties were attempting to work out discovery informally at that point.

1

On August 7, 2009, Dragonfly served discovery requests on LTIC. [Doc. Nos. 36 and 37.] The parties jointly requested an extension of the discovery deadline until October 28, 2009, so that they could attempt mediation. [Doc. 40.] The Court re-set the discovery deadline until October 28, 2009, and the discovery motion deadline to November 18, 2009. [Doc. 40.]

On September 8, 2009, LTIC served responses and objections to Dragonfly's August 7 discovery requests.  On September 10, 2009, LTIC served supplemental answers to Dragonfly's requests. [Doc. 46.] On September 25, 2009, Dragonfly served a second set of document requests on LTIC, under Rule 34. [Doc. 49.] On October 27, 2009, LTIC served responses and objections to Dragonfly's second document request.

## Discovery Dispute

1.     Kaplan and Trachtenberg Attorney Files/Communications

Document Request No. 8 of Dragonfly's first Rule 34 request for production ("RFP #1") states:

> Please produce all documents, writings or electronically stored information including, but not limited to, internal and external communications, relating to any claim submitted under the policy and the investigation, handling, adjustment and/or administration thereof.

[Doc. 63, Ex. A.] Dragonfly defined the term "relating" to mean "concerning, comprising, evidencing, stating, describing, summarizing, explaining, mentioning, supporting, referring to or otherwise having a direct or significant connection with therewith."  Dragonfly defined "policy" to "that certain policy of title insurance numbered A75-2209905 issued by LTIC to Dragonfly with an effective date of August 26, 2004." [Id.]

In response, LTIC objected on grounds that the document request was "overly broad and unduly burdensome on its face" because of the use of an omnibus phrase like "relating to." [Doc.

63, Ex. B.] Without waiving that objection, LTIC produced a number of documents, Bates-stamped 000105 through 000249 that were responsive. [Id.] Some of the documents produced were correspondence between Attorney Joe Werntz, the lawyer LTIC retained to represent Dragonfly in the Dragonfly-GHP dispute and litigation, and Julia Olson, LTIC's claims counsel.

LTIC also produced several documents identified as having originated from the attorney files of Kaplan and Trachtenberg, two of LTIC's Los Angeles-based lawyers. In a later-filed motion to quash, LTIC stated it had retained Kaplan and Trachtenberg to assist it in obtaining information from Dragonfly for the purpose of evaluating Dragonfly's claim of loss under the pertinent title insurance policy.

After Dragonfly received LTIC's objections and production in response to RFP #1, it did not file a timely motion to compel as required by the District's local rules. *See* D.N.M. LR-Civ 26.6 (a party served with objections to a document request must proceed under D.N.M. LR-Civ. 37.1 within twenty-one (21) days of service of an objection. Failure to proceed within the time period constitutes acceptance of the objection). Moreover, instead of filing a timely motion to compel as required, Dragonfly served subpoenas duces tecum on Attorneys Kaplan and Trachtenberg. The subpoenas were issued on October 16, 2009, less than three working days before the October 19th depositions of Kaplan and Trachtenberg. [Doc. 63, Ex. C.; Doc. 51.]

Under the portion of the subpoenas describing documents to be produced, there is a request that is identical to RFP No. 8 (included in Dragonfly's RFP#1 to LTIC). On October 18, 2009, LTIC filed a motion to quash the subpoenas duces tecum and requested a Protective Order. [Doc. 51.] In the motion to quash, LTIC observed that the notices of depositions were served on LTIC on October 8, 2009, but the notices were not accompanied with a subpoena duces tecum. Counsel for LTIC did not know of the subpoenas until October 17, 2009.

3

LTIC argued, in part, that the subpoenas were untimely, that they were overly broad, that they requested attorney-client privileged information, and that Dragonfly should not be allowed this "ill-disguised attempt to circumvent the Federal Rules of Civil Procedure [namely, Rule 34] and the Court's scheduling order. . . ." [Doc. 51, p. 5.]

Before a response to the motion to quash was filed, the Court conducted a telephonic hearing with counsel on November 10, 2009. [Doc. 57, Clerk's Minutes.] Counsel advised the Court that the depositions in question proceeded as scheduled. The Court inquired whether the motion to quash and for protective order was moot. Dragonfly argued that while the depositions proceeded, the documents in question were not produced. Thus, Dragonfly still sought production of the requested documents.

On November 11, 2009, the Court issued an Order finding LTIC's motion to quash subpoenas moot, but allowed Dragonfly to file the present motion to compel by November 30, 2009. [Doc. 56.]

2.  Wooten Files/Communications

This discovery dispute similarly addresses another document request involving files and communications of Bill Wooten, who is described as LTIC's sister corporation's representative. [Doc. 63.] On September 25, 2009, Dragonfly served a second set of document requests ("RFP#2"). [Doc. 49.]

On October 27, 2009, LTIC served objections and responses to RFP#2. LTIC stated, in part, that it did not have any such documents in its possession or did not issue any of the requested title insurance policies to GHP. In response to some of these requests, LTIC objected on grounds that the requests were duplicative and cumulative of some requests in RFP#1. LTIC again objected on grounds that some of the requests were overly broad and unduly burdensome. It also asserted that

as a party to the GHP litigation, Dragonfly should already have in its possession many, if not all, of the requested documents. Without waiver of the objections, LTIC referred Dragonfly to previously produced documents. [Doc. 63, Ex. H.]

Dragonfly did not file a motion to compel in accordance with the district's local rules. Instead, it again served a subpoena duces tecum - this time on Bill Wooten. [Doc. 63, ¶ 10.] Dragonfly explained that this was an "alternative method of obtaining the documents requested in [RFP#2]."

On October 28, 2009, LTIC filed a second motion to quash subpoena duces tecum and for protective order in relation to the Wooten subpoena. [Doc. 54.] The motion states that the subpoena, while issued on October 21, 2009, was not served on Wooten until October 27, 2009, two days before his scheduled October 29, 2009 deposition.

LTIC again argued that the subpoena duces tecum was untimely, overly broad and unduly burdensome, and an improper use of a subpoena to circumvent discovery deadlines and the rules of civil procedure. LTIC asserted that some of the document requests also may have sought attorney-client privileged material.

Dragonfly's reply [Doc. 69] in support of its motion to compel did not address LTIC's objections or responses that it does not possess certain documents or did not issue certain title insurance. Nor did Dragonfly respond to LTIC's position that it produced billing records. Finally, Dragonfly made no mention that it attempted to use Rule 45 subpoenas to request the same materials sought in Rule 34 document requests.

## Analysis

Upon receipt of LTIC's objections to discovery, it was incumbent on Dragonfly to file a motion to compel pursuant to D.N.M.LR-Civ. 26.6. Instead, Dragonfly sought to utilize Fed. R. Civ.

5

P. 45 in what it describes as an "alternative method of obtaining the documents requested . . . ." This was improper.

In discussing Rule 45, Professor Moore states:

> [Rule 45] should not be used to obtain pretrial production of documents or things, or inspection of premises, from a party in circumvention of discovery rules or orders. Discovery from a party as distinct from a non party, is governed by Rule 34 not Rule 45. Therefore, for example, a Rule 45 subpoena will be treated as a discovery device and may not be used to obtain production of documents from a party after the discovery deadline.

7 James William Moore et al., Moore's Federal Practice, § 34.02[5][e](3d Ed. 2009). A Rule 45 subpoena is a discovery device and is subject to a court's scheduling order as well as general rules concerning discovery. See Dreyer v. GACS Inc., 204 F.R.D. 120, 122-23 (N.D. Ind. 2001) (subpoenas and Rule 45 procedures constitute "discovery").

Because Rule 45 procedures are part of the discovery process, they are governed by a court's rules of procedure as well as the court's case management plan. They must be utilized within the time frames contemplated by the court. A party may not allow a "time-to-act" provision under the rules to lapse, and then seek to obtain the same discovery that was objected to by reliance on Rule 45. That, would constitute an end run to avoid the limitations imposed by local rules.

When the Court conducted the conference call on LTIC's motion for protective order, it was unaware that the time within which to file a motion to compel under Rule 26.6 had elapsed. Indeed, it was unaware that the deadline for filing discovery motions had similarly elapsed.

Prior to the expiration of the twenty-one days from receipt of the motion, Dragonfly did not seek to extend the time for filing the motion. Thus, the deadlines for filing had already run. Fed. R. Civ. P. 6(b) provides that a court may, for good cause, extend the time to act if a request is made before the original time to act expires. So, too, the court is authorized to extend the time to act after

the time expires when a party is able to show excusable neglect.  In this instance, Dragonfly neither sought an extension prior to the expiration of the twenty-one days, nor did it offer any argument showing excusable neglect in failing to file a timely motion.

The Court concludes that Dragonfly's failure to file a motion within the time prescribed by D.N.M.LR-Civ. 26.6 constitutes acquiescence in the objections, and that the subsequently filed motion to compel is untimely.

IT IS THEREFORE ORDERED that Dragonfly's motion to compel is DENIED as being untimely.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge